UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUAN GALICIA, individually and on behalf of all others similarly situated,

                Plaintiff,

–against–

MOTT PHO BANG RESTAURANT, INC., and VU BANG, and RAY KONG, and NHI UYEN VUONG, as individuals,

                Defendants.

**ORDER**

21 Civ. 6383 (ER)

RAMOS, D.J.:

      Juan Galicia brought this action on July 27, 2021, against Mott Pho Bang Restaurant, Inc., Vu Bang, Ray Kong, and Nhi Uyen Vuong (collectively, "Defendants") alleging violations of the Fair Labor Standards Act ("FLSA"), and various provisions of the New York Labor Law ("NYLL"). Doc. 1. Plaintiff alleges that Defendants failed to pay wages and overtime. Before the Court is the parties' motion for approval of their settlement. For the foregoing reasons, the motion is DENIED without prejudice.

### I.    LEGAL STANDARD

      In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). The parties therefore must satisfy the Court that their agreement is "fair and reasonable." *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015). In determining whether the proposed settlement is fair and reasonable, "a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to

which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Id.* (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)). Courts may reject a proposed FLSA settlement where the parties do not provide the basis for the recovery figure or documentation supporting the reasonableness of the attorneys' fees, or if the settlement agreement includes impermissible provisions such as restrictive confidentiality clauses or overbroad releases. *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176–82 (S.D.N.Y. 2015), *cited with approval in Cheeks*, 796 F.3d at 205-06.

## II.   DISCUSSION

### a.  Range of Recovery

The proposed agreement provides for a recovery of $20,000.00. Doc. 17 at 3. Plaintiff's counsel requests $722.00 for expenses, and $6,6426.00 in attorneys' fees—one-third of the settlement amount less the expenses. *Id.* at 3-4. After attorneys' fees and expenses, Plaintiff will receive $12,852.00. *Id.* at 4.

Plaintiff estimates that he is owed approximately $16,000.00 in unpaid wages. Doc. 17 at 2. Thus, under the terms of the settlement, Plaintiff would recover approximately 80% of his claimed wages. The settlement resolves *bona fide* disputes and reflects a reasonable compromise that fairly compensates Plaintiffs in light of the uncertainties and litigation risks. *Id.* The Court finds that the proposed settlement amount is reasonable. *See Garcia v. Good for Life by 81, Inc.*, No. 17 Civ. 7228 (BCM), 2018 WL 3559171, at *2 (S.D.N.Y. July 12, 2018) (concluding that the settlement amount was a "reasonable compromise of disputed issues") (citation omitted).

### b. Attorneys' Fees and Costs

As to attorneys' fees and costs, the agreement lacks information necessary for the Court to complete its review pursuant to *Cheeks*. In his fairness letter, Plaintiff notes that, of the $20,000 settlement award, his counsel will receive $6,426.00 for attorney's fees. Doc. 17 at 4. Although courts in this District routinely approve FLSA settlement agreements where, as here, the award of attorney's fees represents less than or equal to one third of the settlement fund, net costs, see *Flores Hernandez v. Vill. Nat. Rest. Corp.*, No. 19 Civ. 8378 (ER), 2020 WL 5518314, at *1 (S.D.N.Y. Sept. 14, 2020), they must still "independently ascertain the reasonableness of" an award of attorney's fees, *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 229–30 (S.D.N.Y. 2016), and doing so requires counsel to "submit evidence providing a factual basis for the award," *Wolinsky*, 900 F. Supp. 2d at 336.

Plaintiff's counsel requests one-third of the settlement amount in attorneys' fees, noting this was the amount agreed upon in Plaintiff's retainer agreement. Doc. 17 at 4. But, Plaintiff's counsel does not list the hours worked on this case, nor does it provide any information regarding hourly rates. In other words, Plaintiff's counsel fails to provide documentation supporting the reasonableness of its attorneys' fees. "Even when a plaintiff has entered into a contingency-fee arrangement with his attorneys, and 'even when the proposed fees do not exceed one third of the total settlement amount, courts in this circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees.'" *Hernandez v. Boucherie LLC*, No. 18 Civ. 7887 (VEC), 2019 WL 3765750, at *4 (S.D.N.Y. Aug. 8, 2019) (quoting *Lazo v. Kim's Nails at York Ave., Inc.*, 17 Civ. 3302 (AJN), 2019 WL 95638, at *2 (S.D.N.Y. Jan. 2, 2019)). The lodestar amount is the product of a reasonable hourly rate and the reasonable number of hours required for the case. *See Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011). To

determine the reasonableness of a requested hourly rate, the Court considers the prevailing market rate in this District. *Zhen Ming Chen v. Y Café Ave B Inc.*, No. 18 Civ. 4193 (JPO), 2019 WL 2324567, at *5 (S.D.N.Y. May 30, 2019).

As Plaintiff's counsel does not provide any documentation relating to the number of hours worked or to hourly rates, the Court lacks necessary information for its review and cannot determine whether the agreement is fair and reasonable as to the attorneys' fees.

### c. Other Provisions

The Court finds the rest of the settlement agreement is fair and reasonable, as it includes no objectionable releases or non-disparagement or confidentiality provisions. *See Doe v. Solera Capital LLC*, No. 18 Civ. 1769 (ER), 2021 WL 568806, at *1 (S.D.N.Y. Jan. 20, 2021). The agreement contains a release provision, binding only on Plaintiff. Doc. 17-1 at ¶6. This provision appropriately discharges only those claims that were alleged in the Complaint. *Id.*; *see Quic v. Uncle Mario's Brick Oven Pizza LLC*, No. 20 Civ. 8712 (RA), 2021 WL 4710794, at *2 (S.D.N.Y. Oct. 7, 2021) (approving similar release provisions); *Solera Capital LLC*, 2021 WL 568806, at*1 ("factors that preclude approval include the presence of an overly broad release that waives claims beyond those related to wage-and-hour issues").

 "Courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Martinez v. Gulluoglu*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016). A number of judges in this District refuse to approve any FLSA settlement unless the release provisions are "limited to the claims at issue in this action." *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15 Civ. 4259 (RA), 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015) (collecting cases).

### III.  CONCLUSION

As the Court lacks necessary information to determine whether the agreement is fair and reasonable as to attorneys' fees, the parties' request for approval of the agreement is DENIED without prejudice.  The parties may proceed in one of the following ways by January 7, 2022:

- Submit a revised agreement to the Court addressing the concerns expressed in this Order;
- File a joint letter that indicates the parties' intention to abandon settlement and continue to trial, at which point the Court will reopen the case and set a date for a pre-trial conference; or
- Stipulate to dismissal of the case without prejudice, which the Court need not approve under current Second Circuit case law.  *See Cheeks*, 796 F.3d at 201 n.2.

The Clerk of Court is respectfully directed to terminate the motion, Doc. 17.

It is SO ORDERED.

Dated:  December 28, 2021
        New York, New York

EDGARDO RAMOS, U.S.D.J.