

# HELEN F. DALTON & ASSOCIATES, P.C.
## ATTORNEYS AT LAW

---

80-02 Kew Gardens Road, Suite 601, Kew Gardens, NY 11415

Tel. (718) 263-9591 Fax. (718) 263-9598

January 7, 2022

**Via ECF**
The Honorable District Judge Edgardo Ramos
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

        Re: **Galicia v. Mott Pho Bang Restaurant, Inc., et al.**
           **21-CV-6383 (ER)**

Dear Judge Ramos:

      Our office represents Juan Galicia ("Plaintiff" or "Galicia") and we submit this motion jointly with counsel for Mott Pho Bang Restaurant, Inc., Vu Bang, Ray Kong, and Nhi Uyen Vuong (collectively, "the Defendants"), requesting the Court's approval of the parties' Settlement Agreement. The terms of the parties' Settlement Agreement, attached hereto as **Exhibit 1**, were reached following the Court's referral of this matter to mediation.

      This is the parties' second motion for approval of the Settlement Agreement. The first Motion for Settlement Approval [Dkt. No. 17] was filed on December 17, 2021. This Court issued an Order denying the first motion without prejudice [Dkt. No. 18] on December 28, 2021 with leave to refile by January 7, 2022. Based on the parties' reading and interpretation of the December 28, 2021 Order, the parties have re-attached the previously-filed Settlement Agreement. However, in addition to addressing the monetary and non-monetary terms below, Plaintiffs' counsel provides additional information and documentation in support of their request for attorneys' fees as attached hereto as **Exhibit 2**.

    **I.**     **The Monetary Terms of the Settlement Agreement are Fair and Reasonable**

   **a.**  **The Settlement Amount**

      The parties agreed to resolve this matter for the amount of $20,000.00 payable to the Plaintiff, inclusive of attorneys' fees. The settlement will be paid within 10 days after the Plaintiff files a Stipulation and Order of Dismissal following the Court's approval of the Settlement Agreement.

b. **Plaintiff's Position**

Plaintiff brought this action against Defendants alleging violations of the Fair Labor Standards Act ("FLSA") and New York Labor Laws ("NYLL"). In general, Plaintiff alleged that he was not paid proper overtime wages when he was required to work in excess of 40 hours per workweek, was paid at an hourly rate below the applicable New York State minimum wage rate, and did not receive spread of hours compensation pursuant to NYLL when required to work in excess of ten (10) hours per shift.

Plaintiff alleged that he was employed at Defendants' restaurant located at 157 Mott Street, New York, New York 10013 from in or around December 2019 until in or around March 2020. During his employment, Plaintiff was employed a busboy. Plaintiff alleged that he was regularly required to work up to 72 hours per week but was compensated with a flat weekly salary of $450.00. Plaintiff alleged that this weekly salary did not compensate him for his approximately 32 hours of overtime worked each week and that his calculated hourly rate based on the above salary always fell below the applicable New York State minimum wage rate. Plaintiff also alleged that he should have received an extra hour of pay at the minimum wage rate for approximately six shifts per week in spread of hours compensation.

In total, Plaintiff alleged approximately $16,000.00 in unpaid wages in addition to liquidated damages and statutory penalties for wage notice and wage statement violations under NYLL §195.

Although Plaintiff believed that he could recover on all his above claims, Plaintiff preferred a guaranteed payment through a Court-approved settlement. Plaintiff understood the risks of continued litigation and recognized the factual disputes as to the dates of his employment and the number of hours worked each week. The fact that these disputes may not have been resolved until a trial at a much later date favored Plaintiff's decision to settle early in the litigation process. Defendants' have denied and continue to deny any liability whatsoever to Plaintiff.

c. **The Settlement Amount is Fair and Reasonable**

FLSA claims may only be settled and dismissed with prejudice under Rule 41 if they are approved by the Court. *Cheeks v. Freeport Pancake House, Inc.,* 796 F.3d 199, 206-207 (2d Cir. 2015). "Courts approve FLSA settlements when they are reached as a result of contested litigation to resolve bona fide disputes." *Kochilas v. Nat'l Merch. Servs., Inc.*, 2015 WL 5821631, at *7 (E.D.N.Y. Oct. 2, 2015) (citation omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of settlement." *Id*. (citation omitted). Furthermore, "[i]f the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved." *Id*. (citations omitted). "Generally, there is a strong presumption in favor of finding a settlement fair, as the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60, LLC,* 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (citation and internal quotation marks omitted).

The parties have agreed to settle all claims asserted in this matter for $20,000.00. The parties believe that this amount is reasonable considering the claims and defenses asserted by the

parties. Moreover, the settlement was only reached following continued negotiations between experienced counsel. The parties had genuine, bona fide disputes over the number of hours worked by Plaintiff, the wages paid to Plaintiff and the dates of Plaintiff's employment, but both sides made compromises on their positions in order to achieve a fair and reasonable settlement. Additionally, the settlement amount allows Plaintiff to recover nearly all his alleged unpaid wages – a figure strongly contested by Defendants.

## II.  The Non-Monetary Terms of the Settlement Agreement are Fair and Reasonable

"In FLSA cases, courts in this District routinely reject release provisions that 'waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues.'" *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 228 (S.D.N.Y. 2016) (quoting *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 181 (S.D.N.Y. 2015)). Moreover, "[i]n the context of an FLSA case in which the Court has an obligation to police unequal bargaining power between employees and employers, such broad releases are doubly problematic." *Martinez v. Gulluoglu LLC*, No. 15 Civ. 2727 (PAE), 2016 WL 206474, at *2 (S.D.N.Y. Jan. 15, 2016) (quoting *Camacho v. Ess-A-Bagel, Inc.*, No. 14-cv-2592 (LAK), 2014 WL 6985633, at *4 (S.D.N.Y. Dec. 11, 2014)).

Here, the release in Paragraph 6 of the Settlement Agreement ("Release") is appropriately-limited to claims under the FLSA and NYLL and other related wage-and-hour claims that could have been asserted in this litigation. The Release does not raise any concerns regarding unequal bargaining power between Plaintiffs and Defendants and the Release is not overbroad such that there is a concern that Plaintiffs are releasing any and all possible claims against Defendants, including claims completely unrelated to the claims asserted in this action.

Furthermore, the Settlement Agreement does not contain any confidentiality provision that would otherwise preclude the parties from openly discussing their experiences litigating this matter as rejected by *Cheeks*.

As the Release is carefully drafted to comply with Second Circuit case law in FLSA matters and there is no confidentiality clause contained in the Settlement Agreement, the parties' position is that the non-monetary terms of the Settlement Agreement are also fair and reasonable and comport with the standards articulated in *Cheeks*.

## III.  Distribution to the Plaintiff and Requested Attorneys' Fees and Expenses

### a. Distribution to the Plaintiff

The parties agreed to a global settlement of $20,000.00 to resolve all claims asserted in this action. If the Agreement is approved by the Court, Plaintiff will recover $12,852.00, after requested attorneys' fees and reimbursement of expenses.

### b. Plaintiff's Counsel's Requested Attorneys' Fees and Expenses

Plaintiff's counsel respectfully requests $722.00 for identifiable expenses, which include:

- the Eastern District of New York filing fee in this matter: $400.00

- the costs of service of the Summons and Complaint on Defendants in this matter: $322.00

Plaintiffs' counsel respectfully requests one-third of the settlement amount less the above expenses ($19,278.00), or $6,426.00 in attorneys' fees, as agreed upon in the Plaintiff's retainer agreement with this firm. Therefore, if this request is approved, the total amount to be paid to the attorneys for their fees and expenses in this matter is $7,148.00.

**Settlement Amount:** $20,000.00
**Attorneys' Expenses:** $722.00
**Settlement less Expenses:** $19,278.00 ($20,000.00 - $722.00)
**Requested Attorneys' Fees:** $6,426.00 ($19,278.00 / 3)
**Total payable to Attorneys:** $7,148.00 ($6,426.00 + $722.00)
**Total payable to Plaintiff:** $12,852.00 ($20,000.00 - $7,148.00)

Our office and the Plaintiff have a retainer agreement that is reduced to writing and is signed by the Plaintiff. Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). Courts in this District typically approve a fee of one-third or less of the settlement amount. *See Santos v. Yellowstone Props, Inc*., 2016 WL 2757427 at *4 (S.D.N.Y. May 10, 2016).

This request for attorneys' fees is supported by the work performed by Plaintiff's counsel and the recovery secured through their efforts. Plaintiff's counsel has advocated for their client throughout the negotiation process and believe that the settlement amount secured is a product of their efforts. Furthermore, the fee requested is reasonable in relation to the recovery received by Plaintiff.

Lastly, consistent with the Court's December 28, 2021 Order, attached hereto as **Exhibit 2**, Plaintiff's counsel includes their contemporaneous billing records, the hourly rates requested by each attorney who has worked on this matter, Plaintiff's counsel's lodestar calculation of attorneys' fees and Plaintiff's counsel's qualifications in support of the above.

### IV.  Closing

In closing, the parties believe that the settlement amount and the terms of the Agreement are fair and reasonable. The settlement was the product of good faith negotiations. Both parties were represented by experienced and competent counsel who specialize in this area of law and the early settlement allows both sides to avoid the anticipated costs and burdens of protracted litigation. As such, we respectfully request that the Court approve the Settlement Agreement in its entirety. We thank the Court for its consideration and remain available to provide any additional information.

                                                                 Respectfully submitted,

                                                                *James O'Donnell*
                                                                James O'Donnell, Esq.