UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JUAN GALICIA, individually and on behalf of all others similarly situated,

                        Plaintiff,

–against–

MOTT PHO BANG RESTAURANT, INC., and VU BANG, and RAY KONG, and NHI UYEN VUONG, as individuals,

                        Defendants.

**ORDER**

21 Civ. 6383 (ER)

RAMOS, D.J.:

      Juan Galicia brought this action on July 27, 2021, against Mott Pho Bang Restaurant, Inc., Vu Bang, Ray Kong, and Nhi Uyen Vuong (collectively, "Defendants") alleging violations of the Fair Labor Standards Act ("FLSA"), and various provisions of the New York Labor Law ("NYLL"). Doc. 1. Plaintiff alleges that Defendants failed to pay wages and overtime.

      On December 17, 2021, the parties submitted a motion for approval of their settlement. Doc. 17. The Court denied that motion, as the parties did not submit any information relating to the calculation of attorneys' fees. Doc. 18. Before the Court is the parties' second motion for approval of their settlement, submitted with additional documentation in support of Plaintiff's counsels' request for attorneys' fees. For the foregoing reasons, the motion is GRANTED.

### I. LEGAL STANDARD

      In this Circuit, parties cannot privately settle FLSA claims with prejudice absent the approval of the district court or the Department of Labor. *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 200 (2d Cir. 2015). The parties therefore must satisfy the Court that their agreement is "fair and reasonable." *Beckert v. Ronirubinov*, No. 15 Civ. 1951 (PAE), 2015

WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015). In determining whether the proposed settlement is fair and reasonable, "a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Id.* (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)). Courts may reject a proposed FLSA settlement where the parties do not provide the basis for the recovery figure or documentation supporting the reasonableness of the attorneys' fees, or if the settlement agreement includes impermissible provisions such as restrictive confidentiality clauses or overbroad releases. *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 176–82 (S.D.N.Y. 2015), *cited with approval in Cheeks*, 796 F.3d at 205-06.

## II. DISCUSSION

### a. Range of Recovery

The proposed agreement provides for a recovery of $20,000.00. Doc. 17 at 3. Plaintiff's counsel requests $722.00 for expenses,[1] and $6,6426.00 in attorneys' fees—one-third of the settlement amount less the expenses. *Id.* at 3-4. After attorneys' fees and expenses, Plaintiff will receive $12,852.00. *Id.* at 4.

Plaintiff estimates that he is owed approximately $16,000.00 in unpaid wages. Doc. 17 at 2. Thus, under the terms of the settlement, Plaintiff would recover approximately 80% of his claimed wages. The settlement resolves *bona fide* disputes and reflects a reasonable compromise

---

[1] These expenses include $400.00 for the filing fee and $322.00 for service costs.

that fairly compensates Plaintiffs in light of the uncertainties and litigation risks. *Id.* The Court finds that the proposed settlement amount is reasonable. *See Garcia v. Good for Life by 81, Inc.*, No. 17 Civ. 7228 (BCM), 2018 WL 3559171, at *2 (S.D.N.Y. July 12, 2018) (concluding that the settlement amount was a "reasonable compromise of disputed issues") (citation omitted).

### b. Attorneys' Fees and Costs

The Court finds the proposed attorneys' fees and costs to be reasonable. Plaintiff's counsel will receive $6,6426.00 in attorneys' fees, or one third of the settlement. Doc. 19 at 4. This is a reasonable percentage as "courts in this District routinely award one third of a settlement fund as a reasonable fee in FLSA cases." *Lazo v. Kim's Nails at York Ave., Inc.*, No. 17 Civ. 3302 (AJN), 2019 WL 95638, at *2 (S.D.N.Y. Jan. 2, 2019) (citation omitted). Nonetheless, "even when the proposed fees do not exceed one third of the total settlement amount, courts in this circuit use the lodestar method as a cross check to ensure the reasonableness of attorneys' fees." *Id.* "The lodestar amount is 'the product of a reasonable hourly rate and the reasonable number of hours required by the case.'" *Id.* (quoting *Gaia House Mezz LLC v. State St. Bank & Tr. Co.*, No. 11 Civ. 3186 (TPG), 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014)).

Plaintiff is represented in this action by Roman Avshalumov, senior managing attorney at a law firm specializing in labor law, James O'Donnell, head of the labor law practice group at the firm, and Janelle Romero, an associate at the firm. Doc. 19-2 at 3-4. Plaintiff submits a rate of $425.00 per hour for Mr. Avshalumov, $250.00 per hour for Mr. O'Donnell, and $175.00 per hour for Ms. Romero. *Id.* at 3. In similar cases, courts have awarded hourly rates ranging from $200 to $600 per hour. *See Rosendo v. Everbrighten Inc.*, No. 13 Civ. 7256 (JGK) (FM), 2015 WL 1600057, at *8-9 (S.D.N.Y. Apr. 7, 2015) (finding rates for three attorneys from small wage and hour firm to be $200 to $425, and awarding between $225 and $400); *Guallpa v. N.Y. Pro Signs Inc.*, No. 11 Civ. 3133 (LGS) (FM), 2014 WL 2200393, at *10-12 (S.D.N.Y. May 27, 2014) (finding rates

3

for three attorneys from one small firm over three wage and hour cases to be from $350 to $600, and awarding within the same range in wage and hour case).

The records submitted by Plaintiff's counsel show that Mr. Avshalumov worked 12.2 hours on the case, Mr. O'Donnell spent 8.5 hours on the case, and Ms. Romero spent 1.4 hours on the case. Plaintiff's counsel also used 10.1 hours of paralegal services, at a rate of $75.00 per hour. Doc. 19-2 at 1-2. Thus, Plaintiff's attorneys' fees sum to a lodestar of $8,312.50, which exceeds the settlement allocation of fees and costs in this action ($7,148.00).

### c. Other Provisions

As the Court previously determined, *see* Doc. 18, the rest of the settlement agreement is fair and reasonable.

## III.  CONCLUSION

The Court therefore approves the settlement agreement. The Clerk of Court is respectfully directed to close the case.

It is SO ORDERED.

Dated:   January 9, 2022
         New York, New York

                                                    _____
                                                    EDGARDO RAMOS, U.S.D.J.